This memorandum opinion was not selected for publication in the New Mexico Appellate Reports. Please see Rule 12-405 NMRA for restrictions on the citation of unpublished memorandum opinions. Please also note that this electronic memorandum opinion may contain computer-generated errors or other deviations from the official paper version filed by the Court of Appeals and does not include the filing date.

**IN THE COURT OF APPEALS OF THE STATE OF NEW MEXICO**

**STATE OF NEW MEXICO,**

    Plaintiff-Appellee,

v.                                     **NO. A-1-CA-36347**

**ALEXANDER CAMPBELL,**

    Defendant-Appellant.

**APPEAL FROM THE DISTRICT COURT OF BERNALILLO COUNTY**
**Briana H. Zamora, District Judge**

Hector H. Balderas, Attorney General
Santa Fe, NM

for Appellee

Alexander Campbell
Albuquerque, NM

Pro Se Appellant

**MEMORANDUM OPINION**

**VANZI, Chief Judge.**

{1}    Defendant appeals from the district court's order remanding to the metropolitan court for imposition of the original sentence following a de novo trial. On appeal,

Defendant raises five issues on appeal: (1) the metropolitan court and district court failed to arraign him within thirty days of arrest; (2) various discovery issues; (3) denial of his request for a jury trial; (4) limiting his ability to admit exhibits; and (5) allegations against Deputy Wooten. This Court issued a calendar notice, proposing to affirm with respect to each of the issues raised. In response, Defendant has filed a memorandum in opposition to this Court's notice of proposed disposition, which we have duly considered. However, we note that while Defendant continues to assert his claims are correct and that the metropolitan court and district court erred, he provides no authorities to support his conclusions. It is the Appellant's burden on appeal to "clearly point out error in fact or law" with this Court's proposed disposition. *Hennessy v. Duryea*, 1998-NMCA-036, ¶ 24, 124 N.M. 754, 955 P.2d 683 ("Our courts have repeatedly held that, in summary calendar cases, the burden is on the party opposing the proposed disposition to clearly point out errors in fact or law."). "A party responding to a summary calendar notice must come forward and specifically point out errors of law and fact," and the repetition of earlier arguments does not fulfill this requirement. *See State v. Mondragon*, 1988-NMCA-027, ¶ 10, 107 N.M. 421, 759 P.2d 1003, *superseded by statute on other grounds as stated in State v. Harris*, 2013-NMCA-031, ¶ 3, 297 P.3d 374. While Defendant may assert that this Court's notice of proposed disposition was in error, his failure to provide authority to support his argument or to develop clear legal arguments is insufficient to carry his burden on

appeal. *Curry v. Great Nw. Ins. Co.*, 2014-NMCA-031, ¶ 28, 320 P.3d 482 ("Where a party cites no authority to support an argument, we may assume no such authority exists."); *Elane Photography, LLC v. Willock*, 2013-NMSC-040, ¶ 70, 309 P.3d 53 ("We will not review unclear arguments, or guess at what a party's arguments might be." (alteration, internal quotation marks, and citation omitted).

{2}    Accordingly, we affirm.

{3}    **IT IS SO ORDERED.**


_____

**LINDA M. VANZI, Chief Judge**

**WE CONCUR:**


_____

**MICHAEL E. VIGIL, Judge**


_____

**M. MONICA ZAMORA, Judge**